IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Mimi Joe Marshall, #231397,<br><br>Plaintiff,<br><br>vs.<br><br>April Woodard Sampson, Judge Mattie Humphries, and Tameka Marshall,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | C/A No.: 3:26-cv-2945-RMG-TER<br><br><br><br><br>REPORT AND RECOMMENDATION |

Mimi Joe Marshall ("Plaintiff"), proceeding pro se, filed this complaint against former assistant solicitor April Sampson ("Sampson"), Judge Mattie Humphries ("Judge Humphries"),[1] and his daughter Tameka Marshall ("Ms. Marshall") (collectively "Defendants"). Pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2) (D.S.C.), the undersigned is authorized to review his complaint for relief and submit findings and recommendations to the district judge. For the following reasons, the undersigned recommends this case be dismissed without prejudice and without leave for amendment.

I. Factual and Procedural Background

Plaintiff is a state prisoner incarcerated at Kirkland Correctional Institution (ECF No. 1). He states he is bringing his complaint against Defendants pursuant to 42 U.S.C. § 1983 and *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 402 U.S. 388 (1971). *Id.* He references a sentencing on November 2, 2017, and a post-conviction relief ("PCR") action on April 28, 2022. *Id.* at 5. He states his "eyes are going bad as a result of this incarceration" and he is

[1] The undersigned notes that there does not appear to be a South Carolina Circuit Court Judge Named "Mattie Humphries," but it is not necessary to identify the correct judge, as the recommendation would remain the same.

"locked up when evidence could have set [him] free." *Id.* at 6. He requests the court grant his freedom[2] and award him $6,000,000. *Id.*

Plaintiff attached 45 pages of miscellaneous documents to his complaint. (ECF No. 1-1). The first page appears to be part of a form document. *Id.* In response to a prompt to "[s]tate concisely the ground on which you base your allegation that you are being held unlawfully," Plaintiff wrote: (a) They didn't present the bloody t-shirt during trial; (b) They withheld evidence of the voicemail to my brother; (c) Judge Robert hood should have done more to allow . . . ." *Id.* He references filings in the Court of Appeals and Supreme Court. *Id.* Plaintiff attaches additional pages arguing that Sampson had a t-shirt destroyed and that testing the t-shirt "could have proved that the victim my wife was standing at the time which also would have shown that it was an accidental death." *Id.* at 2, 3. The attachments also show that Plaintiff was convicted on November 2, 2017, of murder and felon in possession of a firearm based on the August 15, 2015, shooting of his wife. *Id.* at 4, 6.

Information available on the South Carolina Appellate Case Management System shows Plaintiff has a PCR appeal pending in the South Carolina Court of Appeals.[3] *See* South Carolina Appellate Case Management System, available at https://ctrack.sccourts.org/public/

---

[2] The court cannot grant Plaintiff freedom from incarceration in a § 1983 case, as the exclusive remedy or a state prisoner seeking release from custody is to file an action for a writ of habeas corpus. *Wilson v. Johnson*, 535 F.3d 262, 264 (4th Cir. 2008); *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973); *Heck v. Humphrey*, 512 U.S. 477, 481 (1994).

[3] The court may take judicial notice of factual information located in postings on government websites. *See In re Katrina Canal Breaches Consolidated Litigation*, No. 05-4182, 2008 WL 4185869 at * 2 (E.D. La. Sept. 8, 2008) (noting that courts may take judicial notice of governmental websites including other courts' records); *Williams v. Long*, No. 07-3459-PWG, 2008 WL 4848362 at *7 (D. Md. Nov. 7, 2008) (noting that some courts have found postings on government websites as inherently authentic or self-authenticating).

publicActorSearch.do (select "Participant Search," enter Last Name: Marshall, First Name: Mimi, select Appellate Case No. 2024-001123).

II. Discussion

A. Standard of Review

Under established local procedure in this judicial district, a careful review has been made of Plaintiff's pro se complaint filed in this case. This review has been conducted pursuant to the procedural provisions of 28 U.S.C. § 1915 and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden*, *Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); *Gordon v. Leeke*, 574 F.2d 1147 (4th Cir. 1978).

Plaintiff's complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted," "is frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. at 31. Under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. *Neitzke v. Williams*, 490 U.S. 319 (1989).

This court is required to liberally construe *pro se* complaints. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Such pro se complaints are held to a less stringent standard than those drafted by attorneys. *Id.*; *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). Even under this less stringent standard, however, the pro se complaint may be subject to summary dismissal. The mandated

liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which plaintiff could prevail, it should do so, but a district court may not rewrite a complaint to include claims that were never presented, construct the plaintiff's legal arguments for him, or conjure up questions never squarely presented to the court. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985); *Small v. Endicott*, 998 F.2d 411 (7th Cir. 1993); *Barnett v. Hargett*, 174 F.3d 1128 (10th Cir. 1999). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390-91 (4th Cir.1990) (The "special judicial solicitude" with which a [court] should view such pro se complaints does not transform the court into an advocate.).

B. Analysis

Plaintiff fails to meet the basic pleading standards required by the Federal Rules of Civil Procedure. Pursuant to Fed. R. Civ. P. 8(a)(2), a complaint must contain "a short a plain statement showing that the pleader is entitled to relief." The Rules provide that "[e]ach allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). Here, Plaintiff merely references the dates of his sentencing and PCR proceedings, indicates he has sustained damages, and requests relief. He includes no allegations from which the court may evaluate why he is suing defendants and whether he may be entitled to relief. Thus, his complaint is subject to dismissal for failure to comply with Fed. R. Civ. P. 8.

The documents Plaintiff attaches to the complaint appear to shed some light on his grievances. However, even if Plaintiff were to amend the complaint to include the information in the attachments and comply with the basic pleading requirements in the Federal Rules of Civil Procedure, Defendants would still be subject to summary dismissal.

Although Plaintiff checks boxes indicating he is bringing his claims pursuant to both § 1983 and *Bivens*, because he fails to name any federal officials as defendants, the undersigned proceeds under the notion that he is attempting to bring a claim pursuant to § 1983. Section 1983 "is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (internal quotation and citation omitted). A legal action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." *City of Monterey v. Del Monte Dunes at Monterey*, Ltd., 526 U.S. 687, 707 (1999). Under § 1983, a plaintiff must establish two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation "was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

Plaintiff includes no specific allegations as to Ms. Marshall, and it does not appear that she was acting under color of state law. Assuming arguendo that Plaintiff is attempting to sue Ms. Marshall in her capacity as a witness who provided information or testified on behalf of the State in the criminal or PCR proceedings, he cannot do so, as her cooperation with the investigation did not transform her from a private citizen to a state actor. *See Manax v. McNamara*, 842 F.2d 808, 813 (5th Cir. 1988) (holding that a private actor does not become a state actor by merely "[p]roviding information to the state and pressing for state action against an individual"); *Benavidez v. Gunnell*, 722 F.2d 615, 618 (10th Cir. 1983) ("The mere furnishing of information to police officers does not constitute joint action under color of state law which renders a private citizen liable under § 1983...."); *Bailey v. Harleysville Nat'l Bank & Trust*, 188 F. App'x 66, 68 (3d Cir. 2006) (explaining that a private actor does not engage in state action by calling the police to report an individual's threatening behavior).

Assuming arguendo that Plaintiff is attempting to bring a § 1983 claim against Judge Humphries based on her participation and rulings in the PCR action, he cannot proceed because Judge Humphries is entitled to absolute judicial immunity. Judicial immunity is a threshold question which requires summary dismissal. *Siegert v. Gilley*, 500 U.S. 226, 232 (1991); *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985). The doctrine of absolute immunity for acts taken by a judge in connection with his or her judicial authority and responsibility is well established and widely recognized. *See Mireles v. Waco*, 502 U.S. 9, 11–12 (1991) (judges are immune from civil suit for actions taken in their judicial capacity, unless "taken in the complete absence of all jurisdiction"); *Stump v. Sparkman*, 435 U.S. 349, 359 (1978) ("A judge is absolutely immune from liability for his judicial acts even if his exercise of authority is flawed by the commission of grave procedural errors."); *Chu v. Griffith*, 771 F.2d 79, 81 (4th Cir.1985) ("It has long been settled that a judge is absolutely immune from a claim for damages arising out of his judicial actions.").

Assuming arguendo that Plaintiff is attempting to sue Sampson under § 1983 for any role she played in failing to preserve the victim's t-shirt or disclose other evidence, he cannot proceed because Sampson is entitled to prosecutorial immunity. Prosecutors are protected by immunity for activities in or connected with judicial proceedings. *Van de Kamp v. Goldstein*, 555 U.S. 335, 338-44 (2009); *Dababnah v. Keller-Burnside*, 208 F.3d 467, 470 (4th Cir.2000). The Supreme Court has explained that the "deliberate withholding of exculpatory information, even if unconstitutional, is considered part of the prosecutorial role for immunity purposes." *Imbler v. Pachtman*, 424 U.S. 409, 431 n.34 (1976). Federal appellate courts, including the Fourth Circuit, "routinely hold that prosecutors are shielded by absolute immunity from claims that they deliberately withheld materially exculpatory evidence at any point in a criminal proceeding." *Annappareddy v. Pascale*, 996 F.3d 120, 141 (4th Cir. 2021). In *Annapparedy*, the Fourth Circuit rejected an attempt to

distinguish the withholding of evidence from its destruction, noting that the arguments were "two sides of the same coin. *Id.* at 142 (citing *Ybarra v. Reno Thunderbird Mobile Home Vill.*, 723 F.3d 675, 679 (9th Cir. 1984) (stating that in deciding whether to preserve evidence or allow for its destruction, "the primary consideration, viewed objectively, is whether the prosecutor needs the evidence to prosecute"—a decision that "goes to the heart of the advocate's role 'in initiating a prosecution and in presenting the State's case.'"); *Heidelberg v Hammer*, 577 F.2d 429, 432 (7th Cir. 1978) (holding that claim against prosecutors for destruction of exculpatory evidence is barred by absolute prosecutorial immunity). Thus, Sampson is entitled to prosecutorial immunity for her withholding of and destruction of evidence.

Because Ms. Marshall is not a state actor and Judge Humphries and Sampson are immune from suit, Plaintiff has failed to state claims against Defendants.

III. Conclusion and Recommendation

It is recommended that the District Court dismiss Plaintiff's action *without prejudice* under § 1915(e) and § 1915A and *without leave for amendment.*

IT IS SO RECOMMENDED

s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

August 11, 2026
Columbia, South Carolina

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).