**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**COLUMBIA DIVISION**

| | |
|---|---|
| Mimi Joe Marshall,<br><br>Plaintiff,<br>v.<br><br>April Woodard Sampson, Judge Mattie Humphries, and Tameka Marshall,<br><br>Defendants. | Case No. 3:26-cv-02945-RMG<br><br>**ORDER AND OPINION** |

Before the Court is the Report and Recommendation (R&R) of the Magistrate Judge recommending that Plaintiff's case should be dismissed without prejudice. (Dkt. No. 9). No objections were filed. For the reasons set forth below, the R&R is adopted as the Order of the Court.

## I. Background

Plaintiff Mimi Joe Marshall brings this action pro se against former assistant solicitor April Sampson, Judge Mattie Humphries[1], and his daughter Tameka Marshall. (Dkt. No. 1). Specifically, Plaintiff is bringing his complaint against Defendants pursuant to 42 U.S.C. § 1983 and *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 402 U.S. 388 (1971).

He claims that certain evidence was not presented at trial and that this evidence was destroyed. (Dkt. Nos. 1, 1-1). He further states his "eyes are going bad as a result of this

[1] The undersigned notes that there does not appear to be a South Carolina Circuit Court Judge Named "Mattie Humphries," but it is not necessary to identify the correct judge, as the recommendation would remain the same.

incarceration" and he is "locked up when evidence could have set [him] free." (*Id.* at 6). He requests the court grant his freedom[2] and award him $6,000,000. (*Id.*)

Information available on the South Carolina Appellate Case Management System shows Plaintiff has a PCR appeal pending in the South Carolina Court of Appeals. *See* South Carolina Appellate Case Management System, available at https://ctrack.sccourts.org/public/publicActorSearch.do (select "Participant Search," enter Last Name: Marshall, First Name: Mimi, select Appellate Case No. 2024-001123).[3]

## II. Legal Standard

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court is charged with making a *de novo* determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of specific objections, the Court reviews the Report for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that

---

[2] The Court cannot grant Plaintiff freedom from incarceration in a § 1983 case, as the exclusive remedy or a state prisoner seeking release from custody is to file an action for a writ of habeas corpus. *Wilson v. Johnson*, 535 F.3d 262, 264 (4th Cir. 2008); *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973); *Heck v. Humphrey*, 512 U.S. 477, 481 (1994).

[3] The court may take judicial notice of factual information located in postings on government websites. *See In re Katrina Canal Breaches Consolidated Litigation*, No. 05-4182, 2008 WL 4185869 at * 2 (E.D. La. Sept. 8, 2008) (noting that courts may take judicial notice of governmental websites including other courts' records); *Williams v. Long*, No. 07-3459 PWG, 2008 WL 4848362 at *7 (D. Md. Nov. 7, 2008) (noting that some courts have found postings on government websites as inherently authentic or self-authenticating).

"in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

## III. Discussion

Upon review of the record and case law in this Circuit, the Magistrate Judge correctly determined that Plaintiff failed to meet the pleading standards required by Federal Rule of Civil Procedure 8. (Dkt. No. 5). Fed. R. Civ. P. 8. Pursuant to Fed. R. Civ. P. 8(a)(2), a complaint must contain "a short a plain statement showing that the pleader is entitled to relief." The Rules provide that "[e]ach allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1).

In his Complaint, Plaintiff indicated that he is bringing his claims pursuant to both § 1983 and *Bivens*. Section 1983 "is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (internal quotation and citation omitted). A legal action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 707 (1999). Under § 1983, a plaintiff must establish two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation "was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

The Magistrate Judge correctly determined that Plaintiff's claims under 42 U.S.C. § 1983 and *Bivens* fail because the Defendants did not act under the color of law of "any State or Territory." *See District of Columbia v. Carter*, 409 U.S. 418, 424-25 (1973) (noting that "actions of the Federal Government and its officers are at least facially exempt from [the statute's] proscriptions").

First, the Magistrate Judge correctly determined that Ms. Marshall was not acting under color of state law, and that her testifying as a witness does not transform her into a state actor. *See Manax v. McNamara*, 842 F.2d 808, 813 (5th Cir. 1988) (holding that a private actor does not become a state actor by merely "[p]roviding information to the state and pressing for state action against an individual"); *Benavidez v. Gunnell*, 722 F.2d 615, 618 (10th Cir. 1983) ("The mere furnishing of information to police officers does not constitute joint action under color of state law which renders a private citizen liable under § 1983 . . . .").

Second, the Magistrate Judge correctly determined that Judge Humphries is immune from suit, including Plaintiff's *Bivens* claim, for actions taken in her judicial capacity. *See, e.g., Van Sickle v. Holloway*, 791 F.2d 1431, 1435 (10th Cir. 1986) (noting that for claims "considered under a *Bivens* type of constitutional tort theory or . . . a violation of 42 U.S.C. § 1985, the federal judges in this case are absolutely immune from liability"); *Chu v. Griffith*, 771 F.2d 79, 81 (4th Cir. 1985) ("It has long been settled that a judge is absolutely immune from a claim for damages arising out of his judicial actions.").

Likewise, the Magistrate Judge correctly determined that Defendant Sampson, as a prosecutor, is entitled to prosecutorial immunity. Prosecutors are protected by immunity for activities in or connected with judicial proceedings. *Van de Kamp v. Goldstein*, 555 U.S. 335, 338 44 (2009); *Dababnah v. Keller-Burnside*, 208 F.3d 467, 470 (4th Cir. 2000); *Annappareddy v. Pascale*, 996 F.3d 120, 141 (4th Cir. 2021) (discussing that courts "routinely hold that prosecutors are shielded by absolute immunity from claims that they deliberately withheld materially exculpatory evidence at any point in a criminal proceeding.").

Finding no clear error on the face of the record, this Court accepts the Magistrate Judge's recommendation to dismiss Plaintiff's case without prejudice and without leave to amend.

## IV. Conclusion

The Court **ADOPTS** the R&R (Dkt. No. 9) as the Order of the Court and **DISMISSES** Plaintiff's case without prejudice and without leave to amend.

s/ Richard Mark Gergel
Richard Mark Gergel
United States District Judge

August 31, 2026
Charleston, South Carolina